UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONSAE MASON ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| MERCANTILE ADJUSTMENT ) | |
| BUREAU, LLC a/k/a MERCANTILE ) | |
| ADJUSTMENT BUREAU, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Ronsae Mason, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.    INTRODUCTORY STATEMENT**

1.    Plaintiff, Ronsae Mason (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Ronsae Mason ("Plaintiff") is an adult natural person residing at 1525 Old Buckroe Road, Hampton, VA 23664.

5. Defendant, Mercantile Adjustment Bureau, LLC a/k/a Mercantile Adjustment Bureau, Inc.. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Virginia with its principal place of business located at 40 West Avenue, Rochester, NY 14611 and a registered address at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about September 3, 2009, Defendant, by and through a female agent

contacted Plaintiff at his home with regard to collection of an alleged consumer debt, namely a Credit One Bank credit card.

8. Defendant's agent indicated to Plaintiff that if he did not pay the alleged debt that day, Defendant would file suit in Hampton City County; there is no such place.

9. Defendant's agent went on to further state in the same conversation that Plaintiff would be responsible for attorney fees, filing fees and court costs.

10. Additionally, Defendant's agent stated that Defendant would garnish Plaintiff's wages.

11. Defendant's agent indicated that she had already verified Plaintiff's employment and would be contacting the employer.

12. Plaintiff stated, "Ma'am, that's impossible because I have been out of work for some time now."

13. Defendant's agent failed to mini-Miranda the Plaintiff.

14. Defendant has never provided Plaintiff with the Validation Rights Notice.

15. Defendant has not filed suit against Plaintiff for the alleged debt and has no intention of doing so.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such Plaintiff in connection with the collection of a debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18.    The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.    At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.    As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT ONE – FDCPA.

22.    The above paragraphs are hereby incorporated herein by reference.

23.    At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

a.   d Defendant's agent conducted herself in a manner which was harassing, oppressive, or abusive to Plaintiff;

b.   d(6) Defendant's agent failed to disclose her identity to Plaintiff;

c.   e Defendant's agent made false, deceptive and misleading representations to Plaintiff in the course of attempting to collect the alleged debt;

d.   e(2) Defendant's agent mislead the Plaintiff as to the legal status of the alleged debt;

e.   e(5) Defendant's agent threatened Plaintiff with action that was not intended to be taken;

f.   e(7) Defendant's agent implied that Plaintiff had committed conduct that disgraced himself;

g.   e(10) Defendant's agent used false representations or deceptive means to attempt to collect the alleged debt from Plaintiff;

h.   e(11) Defendant's agent failed to state the mini-Miranda warning to the Plaintiff;

i.   f Defendant's agent used unfair and unconscionable means to attempt to collect the alleged debt from Plaintiff;

j.   f(6) Defendant's agent threatened to have Plaintiff's wages garnished and;

k.   g Defendant failed to send Plaintiff the 30 day Validation Rights Notice within five (5) days of the initial communication.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Mercantile Adjustment Bureau, LLC a/k/a Mercantile Adjustment Bureau, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 25, 2009

BY: **/s/ Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff